**WO**                                                                                                                         MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Dimitri Rozenman,                )   No. CV 12-230-PHX-GMS (LOA)
                                 )
    Plaintiff,               )   **ORDER**
                                 )
vs.                              )
                                 )
City of Phoenix, et al.,         )
                                 )
    Defendants.              )
                                 )

Plaintiff Dimitri Rozenman, who is represented by attorney Kenneth W. Schutt, Jr., has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing fee.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.  Complaint**

In his Complaint, Plaintiff sues the following Defendants: Maricopa County; the City of Phoenix; City of Phoenix Police Department; City of Phoenix Police Chief Jack Harris;

1  Detectives Edward Warner, Saul Ayala, Rafael Egea, Michael Carmody, Christopher Eyrich,
2  Keith Moffitt, John Justice, and Hassan Silver; Sergeant Bill Long; Maricopa County
3  Attorneys Andrew Thomas and Bill Montgomery; Deputy County Attorney Rebekah
4  Prichard; and a variety of John and Jane Doe Defendants.

5      Plaintiff alleges that his ex-wife "developed an elaborate scheme to frame Plaintiff"
6  for conspiracy to murder her and her family and for criminal damage to vehicles owned by
7  her and her family.  Plaintiff contends that due to his ex-wife's scheme "and the cooperation
8  of Defendants," Plaintiff was convicted of conspiracy to commit murder and criminal
9  damage.

10      Plaintiff asserts that his convictions were later overturned because Defendant Police
11  Officers had withheld exculpatory evidence during the criminal proceedings and lied under
12  oath in court about the existence of the exculpatory evidence.  Plaintiff also contends that
13  Defendant Prichard was aware of the existence of the exculpatory evidence, but did not
14  disclose it.  He also claims that Defendants Warner and Prichard were engaged in sexual
15  relations during portions of the investigation and/or trial, but neither Defendant disclosed this
16  information to Plaintiff, even though it would have affected Defendant Warner's credibility.
17  Plaintiff also alleges that Defendant Warner's and Defendant Prichard's supervisors (who
18  are Defendants in this action) were aware of their actions and helped perpetuate the
19  suppression of the evidence, the non-disclosure of the sexual relationship, and the "malicious
20  prosecution" of Plaintiff.

21      Plaintiff claims that Defendant Police Officers and Defendant Prichard deliberately
22  suppressed exculpatory evidence and refused to acknowledge its existence, in violation of
23  Phoenix Police Department and Maricopa County Attorney's Office policies, procedures,
24  and/or training guidelines and manuals, and national police and prosecutor guidelines.
25  Plaintiff contends that their acts or omissions were the product of their callousness,
26  recklessness, and negligence.  Plaintiff claims that their actions and omissions were also the
27  result of unconstitutional customs, polices, practices, and/or training failures by the Maricopa
28

County Attorney's Office and Defendants City of Phoenix, City of Phoenix Police Department, Maricopa County, Harris, Thomas, and Montgomery.

Plaintiff alleges that Defendants' conduct deprived him of the right to: a fair and impartial presentation of evidence to the grand jury and at trial, a fair trial, exculpatory evidence and information regarding witness credibility, freedom from obstruction of justice and from inappropriate restraint, and continued familiar and societal relationship. He also claims he was denied due process, equal protection, and the right to be free of punishment.

Plaintiff seeks monetary damages and his costs and attorney's fees.

## III. Discussion

Although it is not clear from his Complaint, it appears that Plaintiff is still incarcerated pending retrial in Maricopa County Superior Court, case #CR2009-007039-001-DT, on the same criminal charges that are described in his Complaint.[1]

The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Younger principles also apply to a plaintiff's request for damages, but in that situation, a temporary stay, rather than dismissal, is appropriate. Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004). Staying the federal case until the state court criminal case is no longer pending

> allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding (assuming, of course, that such an opportunity is available under state law), and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice. In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated.

Id.

---

[1] See http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp (last visited Feb. 28, 2012). The Court notes that the trial date in that case has been vacated and that a Complex Case Management Conference is set for March 6, 2012. See http://www.courtminutes.maricopa.gov/docs/Criminal/122011/m5042260.pdf and http://www.courtminutes.maricopa.gov/docs/Criminal/012012/m5078787.pdf.

1    It appears, therefore, that a stay of this case is appropriate under <u>Younger</u> and
2 <u>Gilbertson</u>.
3    It also appears that a stay is appropriate under <u>Wallace v. Kato</u>, 549 U.S. 384 (2007).
4 In that case, the Supreme Court stated:

> [i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, <u>Heck [v. Humphrey</u>, 512 U.S. 477 (1994)], will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

<u>Id.</u> at 393-94 (citations omitted).[2]

The Court will order that this case be served on Defendants. However, Defendants will not be required to file an answer to the Complaint at this time. Instead, Defendants shall have 60 days after service of the Complaint within which they must file a brief: (1) providing the Court with the status of any criminal case against Plaintiff related to the incidents described in the Complaint, and (2) discussing the applicability of <u>Younger</u>, <u>Gilbertson</u>, and <u>Wallace</u>. Plaintiff shall have 30 days after service of the brief within which to file and serve

---

[2]In <u>Heck v. Humphrey</u>, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (emphasis in original) (footnote omitted).

a responsive brief. Defendants shall have 15 days after service of the responsive brief within which to file and serve a reply brief, if they so desire.

**IT IS ORDERED:**

(1) Plaintiff must either serve each Defendant or seek a waiver of service for each Defendant.

(2) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(3) Defendants **must not** answer the Complaint **until further order of the Court**.

(4) Within **60 days** after service or waiver of service, Defendants **must file** and serve a brief:

    (a) providing the Court with the status of any criminal case against Plaintiff related the incident described in the Complaint, and

    (b) discussing the applicability of Younger, Gilbertson, and Wallace.

(5) Within **30 days** after service of the brief, Plaintiff **must file** and serve a responsive brief.

(6) Within **15 days** after service of the responsive brief, Defendants **may file** and serve a reply brief, if they so desire.

(7) Any filings by a Defendant must state the specific Defendant or Defendants by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant or Defendants by name on whose behalf it is filed.

DATED this 5th day of March, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge

- 5 -