**WO**                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dimitri Rozenman, | No. CV 12-230-PHX-GMS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Phoenix, et al., | |
| Defendants. | |

On February 1, 2012, Plaintiff Dimitri Rozenman, who is represented by attorney Kenneth W. Schutt, Jr., filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In a March 5, 2012 Order, the Court ordered that the case be served on Defendants, but did not require Defendants to answer the Complaint. Instead, the Court gave Defendants 60 days after service of the Complaint to file a brief: (1) providing the Court with the status of any criminal case against Plaintiff related to the incidents described in the Complaint, and (2) discussing the applicability of Younger v. Harris, 401 U.S. 37 (1971); Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004); and Wallace v. Kato, 549 U.S. 384 (2007). The Court gave Plaintiff 30 days after service of the brief to file a responsive brief and gave Defendants 15 days after service of the responsive brief to file a reply brief, if they so desired.

. . . .

. . . .


1   On July 23, 2012, the County Defendants[1] submitted a Brief stating that Plaintiff's criminal case was ongoing; that the case should be stayed pursuant to Younger, Gilbertson, and Wallace; and that dismissal of the action would be warranted, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), if Plaintiff is convicted in the criminal case.

The same day, the City Defendants[2] submitted a brief stating although Plaintiff's criminal case is ongoing, the Court should not stay the case. The City Defendants state that although the Court *could* stay the case pursuant to Younger, Gilbertson, and Wallace, "doing so would be a waste of judicial resources and would simply prolong the inevitable dismissal of Plaintiff's claims on the pleadings." The City Defendants claim that all of Plaintiff's claims are based on his indictment and vacated conviction and that, regardless of the outcome of the re-trial, his claims against the City Defendants are precluded because they are time barred, are subject to dismissal based on absolute immunity or because his original conviction was vacated, and/or fail to state a claim. The City Defendants contend that they should not be "required to preserve evidence indefinitely and wait to defend against Plaintiff's non-viable claims that will undoubtedly be dismissed."

On August 22, 2012, Plaintiff filed a responsive Brief, arguing that the case should be stayed pending the outcome of his criminal case, which is scheduled for trial in January 2013. Plaintiff alleges, incorrectly, that the parties all agree that the matter should be stayed. Plaintiff requests an additional fourteen days to file an additional response "[i]f the Court wishes the Plaintiff to address the additional issues regarding dismissal of certain claims [raised by the City Defendants] and a separate Motion by Plaintiff to Amend to cure any technical defects in the existing Complaint."

---

[1]Defendants Maricopa County, Maricopa County Attorneys Andrew Thomas and Bill Montgomery, and Deputy County Attorney Rebekah Pritchard are represented by attorneys Lisa S. Wahlin and Asha Sebastian.

[2]Defendants City of Phoenix; City of Phoenix Police Department; City of Phoenix Police Chief Jack Harrisl Detectives Edward Warner, Saul Ayala, Rafael Egea, Michael Carmody, Christopher Eyrich, Keith Moffit, and John Justus; and Sergeant Bill Long are represented by attorneys Lori V. Berke and Jody C. Corbett.

1  On August 27, 2012, the City Defendants filed a Reply, stating that they do not
2 believe a stay is appropriate and that the Court should dismiss Plaintiff's claims against them.
3 The City Defendants indicated that they have no objection to the Court giving Plaintiff
4 fourteen days to address their substantive arguments, as long as they are permitted to file a
5 reply.

6  The Court, in its discretion, will stay this case pending the resolution of Plaintiff's
7 criminal case. The Court declines to address at this point the substantive arguments raised
8 by the City Defendants; doing so at this point would be a needless waste of judicial resources
9 because, if convicted, Plaintiff's § 1983 claims may be barred by Heck. Plaintiff concedes
10 as much, stating in his responsive Brief that, after the criminal case is resolved, "many of the
11 issues raised by the City of Phoenix Defendants may be rendered moot."

12  The Court will require Plaintiff to file a report reflecting the status of his pending
13 criminal case and file additional status reports to the Court every 90 days.

14  **IT IS ORDERED:**

15  (1)  This case is **stayed** pending the resolution of Plaintiff's criminal case currently
16 pending in Maricopa County Superior Court. The Clerk of Court must indicate on the docket
17 that this case is **stayed**.

18  (2)  Beginning on the first business day of **December 2012, and on the first**
19 **business day of every third month thereafter,** Plaintiff **must file** with the Court a "Notice
20 of Status" that informs the Court of the status of Plaintiff's criminal case currently pending
21 in Maricopa County Superior Court.

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .

- 3 -

(3)     If Plaintiff fails to timely file any "Notice of Status" required by this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

DATED this 17th day of October, 2012.

*A. Murray Snow*
/G. Murray Snow
United States District Judge